348 So.2d 83 (1977)
Donald Edward TEAL
v.
ALLSTATE INSURANCE COMPANY, Joyce Bucher and Alexander Bucher.
No. 8125.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1977.
Rehearing Denied August 1, 1977.
Writ Refused October 13, 1977.
*84 Lambert J. Hassinger, New Orleans, for plaintiff-appellee.
Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr., New Orleans, for defendants-appellants.
Before REDMANN, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
Defendants Joyce Bucher, her husband Alexander Bucher and Allstate Insurance Company appeal from a judgment awarding plaintiff Donald Teal damages for injuries sustained in an automobile-motorcycle collision at the intersection of General De Gaulle Drive and Herald Street in Algiers at 4:30 P.M. on August 23, 1974.
General De Gaulle Drive is a four lane highway, divided by a wide median, with two lanes of traffic proceeding in the same direction on each side of the median. A white line separates the two lanes of traffic, each of which is approximately ten feet wide. There are no parking or stopping lanes on General De Gaulle Drive. The speed limit on the thoroughfare is 45 mph.
Mrs. Joyce Bucher was proceeding in a westerly direction in the right hand lane of General De Gaulle. About three or four blocks before the intersection of De Gaulle Drive and Herald Street, defendant noted that the traffic was moving from the right to the left lane and observed a stopped truck towing a boat and trailer in the right lane less than a car's length from the corner of Herald Street and General De Gaulle. Defendant moved into the left lane and remained in that lane of travel until she passed the obstruction. She then attempted to negotiate a right turn into Herald Street from her position in the left lane. Plaintiff, riding a Honda 305 motorcycle, was in the right lane about fifty feet from the intersection when he realized defendant was making a turn across his path. He immediately applied his brakes, but could not prevent the bike from skidding into the *85 rear bumper of defendant's automobile. Plaintiff sustained a fracture of the tibia and fibula bones of his right leg, lacerations, contusions and abrasions.
The trial judge found Mrs. Bucher to be negligent in attempting to make a right turn from the left lane without ascertaining that the maneuver could be safely made. The court found no contributory negligence on the part of the plaintiff.
The trial court awarded plaintiff $1,406.32 for medical expenses, $12,800.00 in lost wages and $15,000.00 for general damages. The court did not find that defendant was entitled to a credit for the sick leave and annual leave benefits paid to plaintiff while he was out of work. We affirm.
Defendant argues on appeal that plaintiff was contributorily negligent in his operation of the motorcycle between rows of traffic in violation of LSA-R.S. 32:191.1(B) and (C). Defendant also contends that plaintiff failed to exercise extreme caution in operating his vehicle in a congested traffic situation.
Defendant also contests the amount of damages awarded by the trial court. Defendant argues that plaintiff was only clearing $460.00 a month prior to the accident and also that he was not entitled to recover for the full seventeen months he was out of work because of benefits received from his employer during part of this period. Defendant also argues that the award of $15,000.00 in general damages is excessive in view of plaintiff's injuries.
In reviewing the evidence we find the conduct of Mrs. Bucher to be the proximate cause of the accident. Mrs. Bucher testified that prior to making the turn she repeatedly checked the right lane to her rear yet she did not observe plaintiff's motorcycle at any time. John Bryant, an objective witness, was driving in the left lane and was separated from defendant's vehicle by one car. He testified that plaintiff was near the front part of his vehicle in the right lane when it became apparent that defendant was negotiating the turn. Therefore, we can conclude that plaintiff was about two car lengths behind defendant in the right lane prior to her making the turn and certainly within her field of vision. In Jones v. Armstead, 169 So.2d 268 (La.App. 1 Cir. 1964), the court found a driver making a right turn negligent for looking in his mirror and not seeing the following car, stating: "To look and not [to] see [a] vehicle is equivalent [to] not looking at all and is negligence." Therefore, we conclude that the trial court was correct in finding defendant negligent in not observing plaintiff in spite of her testimony that she repeatedly surveyed the area before negotiating the turn.
We now turn to the issue of plaintiff's contributory negligence. Defendant relies on LSA-R.S. 32:191.1 (B) and (C) as a basis for finding plaintiff negligent. Those sections provide as follows:
(B) The operator of a motorcycle shall not overtake and pass in the same lane occupied by the vehicle being overtaken.
(C) No person shall operate a motorcycle between lanes of traffic or between adjacent lines or rows of vehicles.
We do not find section (B) to be applicable to the facts of this case. There is no evidence in the record to support a finding that plaintiff was attempting to overtake a vehicle traveling in his lane of traffic.
The evidence as to the amount of space available to traffic in the right lane in light of the parked truck and boat is in conflict. When questioned about the location of the boat and trailer Mrs. Bucher testified that there was only about one and a half to two feet between the left side of the boat and the center white line. She stated that a vehicle could not have passed through that space and have remained within the right lane of travel.
Plaintiff testified that the truck and boat were straddling the curb and that there was approximately five to six feet between the left side of the boat and truck and the center white line. He estimated that the boat was six to seven feet wide. He stated that the handlebars of his Honda 305 are *86 two and a half to three feet wide. He said that he had all the room he needed to pass the obstruction.
John Bryant, a witness who was driving in the left lane next to plaintiff testified that he did not recall the truck and boat straddling the curb, but believed they were parked very close to the curb. He estimated that the boat was five to six feet wide and that there was two to four feet of space between the left side of the boat and the center white line. He said that there was six to seven feet between the right side of his vehicle and the left side of the boat. He said plaintiff was traveling to his right in the center of this six or seven feet. He was not able to see which lane plaintiff was in at the point of impact.
We do not find that plaintiff was operating his vehicle in violation of Section C. The evidence shows that the boat and truck were straddling or parked very near to the curb. The boat was approximately six feet wide, thus taking into consideration that each of the lanes were ten feet wide, plaintiff had at least four feet in the right lane within which to operate his two and a half to three foot wide motorcycle past the obstruction.
We also reject defendants' argument that plaintiff operated his vehicle imprudently in light of the congested traffic situation. The evidence reflects that plaintiff was traveling at a speed below the maximum speed limit and that he was keeping a proper lookout at all times prior to the accident. We find no negligence in the manner in which he operated his vehicle.

DAMAGES
The medical expenses awarded to plaintiff are not in dispute. We do not find that the award of $15,000.00 in general damages to be excessive. Plaintiff suffered a displaced comminuted fracture of the mid-shaft of the tibia and fibula of his right leg as well as severe lacerations, contusions and abrasions. He was hospitalized for four days and was placed in a plaster cast for one month. He wore a walking cast until April 1975 and was then placed in a plastic brace. Plaintiff sustained permanent scars and a shortening of his leg. He sustained a 15% permanent disability to his leg and his treating physician, Dr. Horn testified that he was not pleased with the amount of healing obtained. We find no abuse of discretion on the part of the trial judge in awarding plaintiff $15,000.00 in general damages. Bitoun v. Landry, 302 So.2d 278 (La.1974); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
We are in agreement with the trial judge's determination that plaintiff was entitled to recover lost wages for the entire seventeen months he was out of work. A plaintiff is allowed to recover wages compensated by sick leave or annual leave that is accumulated. The rationale is that the plaintiff's forced present use of this leave precludes its future use and prejudices whatever credits might have inured to plaintiff's benefit upon retirement because of its accumulation. Dunlop v. Armendariz, 265 So.2d 352 (La.App. 4 Cir. 1972).
We also agree with the trial judge's computation of lost wages although we find a small variation in our computation. Plaintiff's 1974 income tax return shows plaintiff's earnings to be $9,364.00 of which $2,839.00 was sick pay received during the period he was out of work. Therefore, plaintiff earned $6,525.00 in the first eight months of 1974 or $815.00 a month. This entitles plaintiff to $13,855.00 in lost wages for the seventeen month period he was out of work. The trial court was correct in deducting an amount for taxes which plaintiff would have been required to pay and basing the award on plaintiff's net income. Morgan v. Liberty Mutual Insurance Company, 323 So.2d 855 (La.App. 4 Cir. 1974). We do not have sufficient evidence before us to determine the actual tax due by plaintiff for this period. However, plaintiff is not appealing the amount of damages and defendant has not briefed us on the particular issue of the tax deduction. Therefore, we conclude that the tax deduction of the trial judge is correct and affirm the amount of the award.
*87 For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
REDMANN, Judge, concurring.
Since the trial judge found "no contributory negligence on the part of plaintiff" one must conclude that he disbelieved disinterested witness Byrant's testimony (corroborating Mrs. Bucher) that the stopped truck and boat-on-trailer blocked the narrow right lane leaving only two or three feet clear, and believed instead plaintiff's self-serving testimony that the truck and boat were pulled half off the roadway, "straddling the curb", leaving five or six feet clear in that right lane. If those are the facts plaintiff remained wholly within the right lane, with much room to spare, and breached no duty towards self or Mrs. Bucher.