387 So.2d 617 (1980)
Chester G. BOND, III et ux, Plaintiffs-Appellants,
v.
COMMERCIAL UNION ASSURANCE COMPANIES et al., Defendants-Appellees.
No. 7488.
Court of Appeal of Louisiana, Third Circuit.
June 3, 1980.
Rehearing Denied July 31, 1980.
*618 Bolen & Erwin, Gregory S. Erwin, Alexandria, for plaintiffs-appellants.
McBride & Brewster, Norman P. Foret, Lafayette, Gist, Methvin, Hughes & Munsterman, Dorwan G. Vizzier, Alexandria, Cooks & Chreitian, Sylvia R. Cooks, Lafayette, McLure & McLure, John G. McLure, Alexandria, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
LABORDE, Judge.
For the reasons stated in the companion case of Chester G. Bond, III, et ux, v. Cindy G. Jack, et al. (Docket Number 7489) 387 So.2d 613 (La.App.3rd Cir.1980), in which a separate decision has been rendered by us on this date, the judgment appealed herein is reversed and judgment rendered.
The liability of the uninsured motorist insurers is the excess of the judgment rendered in the companion case over the liability of the insurer of that case. Commercial Union Insurance Company's limit is $5,000. Lumbermen's Mutual Casualty Company's limit is $100,000. Therefore, their respective liability will be adjusted proportionally to their coverage. Blanchard v. Rodrique, 340 So.2d 1001 (La.App.1st Cir.1976); Veillon v. Southern Farm Bureau, 254 So.2d 130 (La.App.3rd Cir.1971).
*619 In the District Court proceedings, the two uninsured motorist insurers filed third party demands against Cindy Jack for any amounts which they might have been held liable to pay to plaintiffs as a result of the uninsured motorist coverage. At the conclusion of the trial, however, the jury rendered a verdict in favor of all defendants. Consequently, the trial court dismissed the third party demands of Commercial Union and Lumbermen's Mutual against Cindy Jack since none of the defendants was held liable to plaintiffs. The plaintiffs appealed the judgment in both suits. None of the defendants appealed or answered the appeal of plaintiffs.
We note that an "[a]ppeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." (La.C. C.P. Art. 2082).
An appellee is required to answer an appeal only if he "desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. . Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court." (La.C. C.P. Art. 2133).
The party successful at the trial level cannot appeal the judgment to the Court of Appeal. Petition of Sewerage and Water Board of New Orleans, 248 La. 169, 177 So.2d 276 (1965). Defendants, Commercial Union and Lumbermen's Mutual, were successful at the trial level. Even though their third party demands were dismissed by the trial court, these defendants were not required to appeal from that dismissal under Articles 2083 and 2133 since they would be requesting relief incompatible with the judgment dismissing the plaintiffs' claims. Such relief could not be granted by this Court without first reversing the judgment on the main demand. To hold that Articles 2082 and 2133 require Commercial Union and Lumbermen's Mutual to appeal or answer the appeal in order that this Court could hear their third party demands in the event the trial court judgment was reversed would extend these Articles to a situation which the Legislature never intended to be covered by the statute. Such an absurd result will not be imputed to those Articles. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (La.1963).
Because we earlier reversed the jury verdict on the main demand (see companion case) we now consider the judgment dismissing the third party demands of Commercial Union and Lumbermen's Mutual. Rather than remand the third party demands for consideration by the trial court, we will dispose of the demands in this opinion. La.C.C.P. Article 2164 grants this Court the authority to "render any judgment which is just, legal, and proper upon the record on appeal. . . ." It is just, legal, and proper to decide these third party party demands since they were properly before the trial court. To remand this case for consideration of the third party demands would be contrary to the well-established rule that Courts of Appeal should decide the entire case when the record is complete. Gonzales v. Xerox Corporation, 320 So.2d 163 (La. 1975). A ruling on those demands at this appellate level prevents unnecessary litigation and other useless actions which the law abhors (see Emmons, supra), and furthers the ends of judicial economy and efficiency.
The question of whether Commercial Union and Lumbermen's Mutual are entitled to reimbursement from defendant Cindy Jack is a question of law. The answer is found in Niemann v. Travelers Company, 368 So.2d 1003 (La.1979). There the Supreme Court discussed rights which uninsured motorist insurers had when they paid claims pursuant to that coverage. With respect to the insurer's right to reimbursement La.R.S. 22:1406 D(4) provides:
In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making *620 such payment shall, to the extent thereof, be entitled to the proceeds of any settlement of judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.
The court interpreted the above statute in the following manner:
"On the basis alone of statutory interpretation, we find that the UM insurer has no right under R.S. 22:1406 D(4) other than the right to reimbursement from such proceeds, if any, that the insured in fact recovers from the underinsured tortfeasor.
* * * * * *
. . . If the UM carrier is to be afforded a right to subrogation or any other right more meaningful than that granted by R.S. 22:1406 D(4), the statute will have to be amended by the Legislature."[1]
Although the court in Niemann was concerned with protecting an insured's right to settle with the tort-feasor and the tort-feasor's liability insured without interference from the uninsured motorist insurer, the language used by the court forecloses a more liberal interpretation of the statute which might allow the uninsured motorist insurer subrogation rights against the tort-feasor. The Supreme Court pointedly and emphatically pronounced that 22:1406 D(4) imparts to the uninsured motorist insurer no subrogation rights. The only rights which the uninsured motorist insurer does have is the right to reimbursement from the insured and not from the tort-feasor. Although we recognize (and the Supreme Court probably recognized also) that such a restrictive interpretation of 1406 D(4) may often inure to the benefit of the tort-feasor, a result arguably unintended by the Legislature, we feel compelled to follow the Supreme Court decision.
We note on our own motion, by authority of La.C.C.P. Article 927, that Commercial Union and Lumbermen's Mutual do not have a cause of action to pursue a claim against defendant tort-feasor Cindy Jack. Therefore, the judgment of the District Court dismissing the third party demands of Commercial Union and Lumbermen's Mutual against Cindy Jack is affirmed.
For the reasons set forth herein and in the companion case the judgment of the trial court dismissing plaintiffs' demands is reversed and accordingly, it is Ordered, Adjudged, and Decreed that there be judgment herein in favor of plaintiffs and against defendant Commercial Union Assurance Company for the sum of TWO THOUSAND FIVE HUNDRED TWENTY-FOUR DOLLARS AND SEVENTEEN CENTS ($2,524.17), together with legal interest from date of judicial demand until paid.
It is further Ordered, Adjudged, and Decreed that there be judgment herein in favor of plaintiffs and against defendant Lumbermen's Mutual Casualty Company for the sum of FIFTY THOUSAND FOUR HUNDRED EIGHTY-THREE DOLLARS AND FORTY-ONE CENTS ($50,483.41), together with legal interest thereon from date of judicial demand until paid.
It is further Ordered, Adjudged, and Decreed that the judgment of the District Court dismissing the third party demands of Commercial Union and Lumbermen's Mutual against Cindy Jack is affirmed.
It is further Ordered, Adjudged, and Decreed that the judgment herein is to be consolidated with, and not added to, the judgment rendered this date in the companion suit, # 7489.
Defendants herein are cast for all costs in this suit. Costs are to be paid by defendants in proportion to their liability for the entire amount of the judgment.
REVERSED AND RENDERED.
NOTES
[1] 368 So.2d 1003 at pages 1007, 1008.