LOTTINGER, Judge.
This case is before us on alternative writs of mandamus, certiorari and prohibition directed to the trial judge, who overruled the tortfeasor’s exception of no right or cause of action filed against the UM insurer. The trial judge elected to take the alternative, and the writ of certiorari was issued.
On October 28, 1977, plaintiff Walter A. Pace, Jr. received serious injuries when the motorcycle he was operating collided with an automobile driven by one of the defendants, Sharon Porter Cage. Pace filed suit against Cage; Prudential Property and Casualty Insurance Company, which provided liability insurance for Ms. Cage in the amount of $5,000.00; State Farm Mutual Automobile Insurance Company and Hartford Accident and Indemnity Company, both of which provided uninsured and underin-sured motorist insurance which inured to the benefit of the plaintiff. Hartford, as one of Pace’s underinsured motorist carriers, filed a third party petition against Ms. Cage to assert and protect its potential right of recovery against her. After Ms. Cage answered Hartford’s third party petition, she and her liability insurer, Prudential, entered into a compromise settlement with Pace. Pace executed a complete release in favor of Prudential and Ms. Cage in consideration for the payment of Prudential’s $5,000.00 policy limit to him. At about the same time, Hartford made a $5,000.00 payment to the plaintiff under the uninsured motorist coverage which it provided.
*1275 Hartford refused to dismiss its third party action against Ms. Cage. She then filed a peremptory exception of no cause or right of action, contending that a recent Supreme Court decision precluded the UM insurer from obtaining reimbursement from a tort-feasor who had been released by the plaintiff. See Niemann v. Travelers Insurance Company, 368 So.2d 1003 (La.1979). The trial judge overruled Ms. Cage’s exception, and again overruled a second exception of no cause or right of action which was based upon Niemann and a more recent case which purported to follow Niemann. See Bond v. Commercial Union Assurance Companies et al, 387 So.2d 617 (La.App. 3rd Cir. 1980). Ms. Cage then filed an application for writs with this court and, as indicated above, the alternative writs were issued.
The issue is whether the plaintiff’s uninsured motorist insurer can recover from the tortfeasor the amount the UM insurer has paid the plaintiff when the plaintiff has settled with and released the tortfeasor.
In a well reasoned response to the alternative writs, the trial court said Niemann did not address the question of the right of a UM insurer to proceed against the tort-feasor. The trial court found that the controlling rule in this case was found in La. R.S. 22:1406(D)(4) which provides in part:
“(4) In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment, shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made,
Under the trial court’s interpretation, the above quoted statute allows the UM insurer to obtain the proceeds resulting from the exercise of rights of recovery “of such person.” The court noted that the statute does not condition reimbursement upon the exercise of those rights “by such person.” He opined that the legislature in adopting R.S. 22:1406(D)(4) intended to give the UM carrier an independent statutory cause of action against the tortfeasor. He was further of the opinion that Niemann contained imprecise language unnecessary to the decision therein and that the Third Circuit decision in Bond, supra, “incorrectly interpreted Niemann.” The trial court noted that if the Bond interpretation of Niemann is correct the tortfeasor will escape paying damages which should rightfully be borne by him.
In Niemann the plaintiff settled with and released the principal defendant and the defendant’s liability insurer after settling with the insurer for $250.00 less than the insurer’s $10,000.00 policy limits. The UM carrier which had been sued by the plaintiff then filed a motion for summary judgment against the plaintiff claiming that the plaintiff’s settlement with the tortfeasor and the tortfeasor’s liability insurance company was executed without the UM carrier’s consent in violation of the policy’s consent-to-settle clause. In that light, the UM carrier claimed the release impaired its right of subrogation against the underin-sured motorist with whom the plaintiff had settled. In striking down the subrogation and consent-to-settle clauses of the UM insurance policy the Supreme Court had to decide whether the UM carrier had any rights which had been impaired by the plaintiff’s settlement with the tortfeasor. The court found that R.S. 22:1406(D)(4) provides UM carriers with only certain “reimbursement rights” and not with a right to subrogation. The statute only gives the UM carrier the right to receive proceeds of a settlement or judgment resulting from the exercise of the insured’s rights against the uninsured or underinsured tortfeasor. Since the plaintiff settled with and released the tortfeasor, the court found that the UM carrier would be unable to secure reimbursement. In so finding, the court stated:
“On the basis alone of statutory interpretation, we find that the UM insurer has no right under R.S. 22:1406{D)(4) other than the right to reimbursement from such proceeds, if any, that the insured in *1276 fact recovers from the underinsured tort-feasor.”
In the Bond case, supra, the Third Circuit, following Niemann, dismissed the third party demands of two UM insurers against a defendant who was cast in judgment for $58,007.58. On its own motion, the court held that the UM insurers have no cause of action against the defendant tort-feasor. “The only rights which the uninsured motorist insurer does have is [sic] the right to reimbursement from the insured and not from the tort-feasor.” 387 So.2d at 620.
In Hawthorne v. Southeastern Fidelity-Insurance Company et al, 387 So.2d 26 (La. App. 3rd Cir. 1980), the court relied on Niemann and Bond, supra, in holding on its own motion that the UM insurer does not have a cause of action to pursue a third party claim against an alleged tortfeasor or his insurer.
We find that Bond and Hawthorne are correct applications of Niemann and that Niemann itself provides the answer to the issue at hand. The answer runs counter to the decision of the trial judge in this case. Niemann holds that a UM insurer has neither a legal nor conventional right of subro-gation against the tortfeasor. Bond and Hawthorne go a step further and hold that the UM insurer has no independent cause of action against the tortfeasor.
The distinction made by the trial judge in the use of the terminology “of such person” in the statute is not decisive of the issue. We fail to see such an important issue being decided by the legislature with the use of the simple word “of.” If the legislature ever intended to grant the UM insurer a separate cause of action against the tort-feasor, it could have done so in clear language rather than, as suggested by the trial judge, hiding same behind the word “of.”
Therefore, for the above and foregoing reasons, the writ is made peremptory.
WRIT MADE PEREMPTORY.