COVINGTON, Judge.
This action commenced as a suit for damages brought by Mark Abraham against the tortfeasor, Ronald M. Naul, his liability insurer, Southern Farm Bureau Casualty Insurance Company, and Abraham’s underin-sured motorist insurer, Aetna Casualty & Surety Company for personal injuries and property damages allegedly caused when Naul’s vehicle negligently, encroached into Abraham’s lane of traffic on a four-lane highway. Subsequently, Aetna filed third party demands against Naul and his liability insurer, Southern Farm Bureau Casualty Insurance Company, the dealer, Coleman Oldsmobile, Inc. and the manufacturer, Winnebago Industries, Inc. Essentially, the basis for the third party demands was that Coleman was liable for negligently failing to properly close the engine cover prior to delivery, or Winnebago was liable under products liability for manufacturing a defective product. Both Coleman and Winnebago filed peremptory exceptions, which were sustained by the trial judge and the third party demands dismissed at Aetna’s costs.[1] Aetna appealed.
We affirm; under the holding of Niemann v. Travelers Insurance Company, 368 So.2d 1003 (La. 1979), as followed by Bond v. Commercial Union Assurance Companies, 387 So.2d 617 (La.App. 3 Cir. 1980), the UM insurer has no rights under LSA-R.S. 22:14Q6D(4) other than the right to reimbursement from any proceeds which the insured actually recovers from the underin-sured tortfeasor; consequently, the trial judge was correct in maintaining the peremptory exceptions. Costs are assessed against the appellant.
AFFIRMED.

. Southern Farm Bureau was also dismissed on a peremptory exception under the theory that an underinsured motorist insurer, such as Aet-na, has no cause of action against the liability insurer of the tortfeasor. Niemann v. Travelers Insurance Company, 368 So.2d 1003 (La. 1979).