SAVOIE, Judge.
In this case, the Appellant, International Indemnity Company, (International), contests the District Court’s dismissal of its breach of contract action against its insured, Cheryl Forrest.
On September 27, 1979, Cheryl Forrest was at the wheel of her automobile on Florida Boulevard, in the City of Baton Rouge, waiting to make a left-hand turn into a gas station when she was struck from the rear by a car driven by Mr. Percy Brown. Brown was uninsured. Forrest had in full force and effect a policy of uninsured motorists coverage conformable to R.S. 22:1406 D, which provides in pertinent part:
“No automobile liability insurance covering liability ... shall be delivered or issued for delivery in this state . . . unless coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners of uninsured or under-insured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom . . . R.S. 22:1406, subd. D(l)(a).”
Upon learning that Brown was uninsured, Forrest made demand upon International for payment for her personal injuries under the policy. Since the policy provided coverage for personal injuries only and not for property damage, she filed a lawsuit against Brown for the damage to her car and its contents.
On January 25th, 1980, Forrest took a default judgment against Brown in the City Court of Baton Rouge in the amount of $1,245.50.
On May 16th, 1980, Forrest received from the insurer $2,789.71 in settlement of her personal injury claim (she had suffered a whiplash injury), executing in return for this sum a full release and subrogation in favor of International. The subrogation and its associated warranty are the hub on which this case turns.
“I do also now and hereby conventionally SUBROGATE to said aforenamed insurance company all the rights-actions, privileges and claims for damages because of bodily injury, sickness or disease, including death resulting therefrom, I have or may have against the owner, operator or user, and against all persons and organizations and insurers responsible for the operation, maintenance or use of the uninsured automobile involved in said accident, and do fully substitute said afore-named insurance company in my place and stead as subrogee to my said rights, actions, privileges, and claims against said parties, to the full extent of the aforesaid payment by said insurance company to me.” (Emphasis ours)
“I warrant to you that I have made no settlement of all or any part of the aforesaid rights, actions, privileges and claims with any person or organization whatsoever. This Release and Subrogation Agreement contains the entire agreement between me on the one hand, and the aforesaid insurance company, on the other hand, relating to the Uninsured Motorist Protection Coverage under said insurance policy, and the terms hereof are contractual and not a mere recital.”
Armed with the subrogation rights set out in this text, International filed suit in City Court of Baton Rouge against Brown, only to be met with an exception of res judicata, Brown maintaining that the previous suit brought against him by Forrest (the judgment wherein had been satisfied by garnishment of his wages) had entirely settled the matter. This exception was maintained. International took no appeal from the dismissal of its suit. Instead, it filed the present suit against Forrest, claiming that she had breached her warranty to them by destroying their subrogation rights through prosecution of the earlier suit and, therefore, was bound to return the $2,789.71 previously paid to her. The district court dismissed this case on an exception of no right of action and it is that disposition which we presently affirm.
First, we note that Forrest has faithfully complied with the letter of the subrogation and warranty agreement that she signed. By its terms, she transferred to Interna *605 tional only her bodily injury claim and warranted that she had “made no settlement of all or any part” of that claim. This was perfectly true, since the only settlement she had made up to that time was the judgment she had obtained for her property damage.
Nevertheless, International claims that by bringing suit against Brown only on the property damage claim, Forrest divided her cause of action in violation of Code of Civil Procedure Article 425, thereby losing her own right to proceed on the personal injury claim and prejudicing International’s claim equally in violation of her warranty.
C.C.P. Art. 425 provides:
“An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion.”
There are cases holding that an obligation is not “divided” within the meaning of C.C.P. Art. 425 when separate suits are brought seeking property damages and for personal injuries arising out of the same incident; Sutterfield v. Firemans Fund Am. Ins. Co., 344 So.2d 1159. (La.App. 4th Cir. 1977); cf. Quarles v. Lewis, 226 La. 76, 75 So.2d 14 (1954) overruled on other grounds in Ugulano v. Allstate Ins. Co., 367 So.2d 6 (La.1978); but see Thigpen v. Guarisco, 197 So.2d 904 (La.App. 1st Cir. 1967).
Whatever the correct view of this matter, it seems to us to have been premature for the insurance company to have filed suit against its own insured after receiving an adverse decision at the trial level without taking an appeal.
We are reinforced in this conclusion by the equitable consideration that until very recently it was thought that an insurance company in the position of International here, had no right to enforce a conventional subrogation agreement with its insured. In Niemann v. Travelers Ins. Co., 368. So.2d 1003 (La.1979), our Supreme Court held “the subrogation clause of the contract (is) illegal” (at 1008) and this court, in a subsequent case, held that “Niemann holds that a UM (Uninsured Motorist) insurer has neither a legal nor conventional right of subrogation against the tortfeasor”. (Pace v. Cage, 394 So.2d 1274 (La.App. 1st Cir. 1981).
The Supreme Court granted writs in Pace and a hearing was pending when Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981) was decided (on rehearing) in November. That case held that nothing in Niemann prevented uninsured motorist insurers from acquiring conventional subro-gation rights from their insureds against tortfeasors such as Brown.
However, the court in Bond (supra) reiterated its holding in Southern Farm Bureau Casualty Insurance Co. v. Sonnier, 406 So.2d 178 (La.1981), as follows:
“Subrogation cannot injure the insured, however, if he has been paid but in part for his damages, he may exercise his right for what remains due in preference to his insurer, La.C.C. Art. 2162;” (Bond v. Commercial Union Assurance Co., supra, at page 408, footnote 1).
Had International Indemnity Co. paid all of Cheryl Forrest’s damages, it would have been completely subrogated to her claim against the uninsured tortfeasor, but when International Indemnity Co. paid only part of the damages, bodily injury, it received only a partial subordinate subrogation. The object of the uninsured motorists statute is to promote whole recovery of damages for Cheryl Forrest. This is accomplished by giving Cheryl Forrest, who has been only partially compensated for her loss, a lawful cause of preference over the insurer for payment out of the debtor’s property.
For the above and foregoing reasons, the judgment of the lower court is affirmed. Appellant is to pay all costs.
AFFIRMED.