Merle Owen DOYLE, wife of/and
Eugene S. Doyle

v.

LIBERTY MUTUAL INSURANCE
COMPANY.

Civ. A. No. 81–3620.

United States District Court,
E. D. Louisiana.

Sept. 9, 1982.

James S. Rees, III, of Murphy & Simon, New Orleans, La., for plaintiffs.

Bruce J. Borrello of Borrello & Huber, New Orleans, La., for defendant.

ORDER

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on the motion of plaintiffs for summary judgment of the third party demand of Liberty Mutual Insurance Company. Following oral argument, and considering the law applicable to this matter, the Court granted plaintiffs' motion for the reasons hereinafter set out.

Plaintiffs' son was killed as the result of a collision between his motorcycle and an automobile operated by Robert Wilson on June 2, 1980. Plaintiffs settled with Wilson and his insurer for the full $10,000 limits of Wilson's policy with Aetna Casualty and Surety Company. Liberty Mutual then filed a third party demand against Robert Wilson.

Plaintiffs contended that Liberty Mutual's demand must be dismissed as a matter of law, citing *Niemann v. Travelers Insurance Company,* 368 So.2d 1003 (La. 1979) and *Pace v. Cage,* 394 So.2d 1274 (La.App. 1st Cir. 1981). *Niemann's* facts are virtually identical to the current facts before this Court; in *Niemann* the plaintiff compromised his claim against the tortfeasor, executed releases in favor of the tortfeasor and his insurer, and filed a claim against plaintiff's uninsured motorist (UM) carrier. The third party claim brought by the UM carrier was dismissed and the insurance company filed a motion for summary judgment claiming that the release impaired its claimed right of subrogation against the underinsured motorist. While the issue before the Court in *Niemann* involved a "consent to settle clause" in the UM policy, the Court also discussed Louisiana's UM statute, R.S. 22:1406 D and held that the statute does not grant the UM insurer a right to subrogation; rather, it affords only certain reimbursement rights to the insurer:

"... the insurer making (payment to any person under the coverage provided) shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally respon-

sible for the bodily injury for which such payment is made . . . ."

In *Niemann,* the release executed by the plaintiff precluded the defendant UM carrier from securing reimbursement from the released tortfeasor. While recognizing that this result may seem harsh, the Court reasoned that there were compelling reasons of public policy to resist a broad interpretation of R.S. 22:1406 D: "Why should the insurer, mandated by statute to afford UM coverage and receiving a premium for exposure over liability limits of the underinsured motorist, have the right to interfere with its insured's settlement with .a liability carrier within policy limits, and that carrier's insured?" *Niemann,* supra at 1007.

Defendant relies on *Bond v. Commercial Union Assurance Companies,* 407 So.2d 401 (La. 1981) in support of its contention that the third party demand is valid. But we find *Bond* inapplicable to the facts of this case. In *Bond,* the UM insurer paid the insurer and then sought to enforce a conventional subrogation agreement contained in the policy. The Court concluded that upon payment an insurer, pursuant to a subrogation agreement contained in its policy, becomes conventionally subrogated to its insured's right against the uninsured tortfeasor. The Court did not find its holding in *Niemann* to be inapposite to its findings in *Bond:* "the uninsured motorist statute does not create special or higher subrogation rights for insurers." *Bond,* supra at 411. *Niemann* is limited to the situation where the UM insurer makes no payment to its insured prior to any settlement by the insured with the tortfeasor. *Bond* permits subrogation where payment has been made to the insured, because upon payment to the insured, the insurer is entitled to be subrogated to the insured's rights against the tortfeasor. .

Both *Niemann* and *Bond* support Louisiana law in that the insurer is subrogated to only such rights as held by the insured. Here, as in *Niemann,* plaintiffs settled their claim against the underinsured tortfeasor prior to any payment by the UM carrier to the insured. In this situation, the plaintiffs have fully released the underinsured tortfeasor, and the UM carrier, having no greater rights than its insured, cannot recover over against the released party.

Accordingly, the motion of plaintiffs for summary judgment of the third party demand of Liberty Mutual Insurance Company is granted and the demand is dismissed with prejudice.