CARTER, Judge.
This is an appeal from the dismissal of a third party demand filed by Aetna Casualty & Surety Company (Aetna) against Grace Yasso. The facts are as follows:
Anita and Gerald Brown filed suit on February 11, 1981 for damages resulting from an automobile accident. The named defendants were Grace Yasso (the alleged tortfeasor), Jerome Yasso (Grace’s husband), and Prudential Property & Casualty Insurance Company (the Yassos’ liability insurance carrier). The Yassos and Prudential filed an answer on May 4, 1981. On August 10, 1981, the plaintiffs filed a supplemental and amending petition adding Aetna Casualty & Surety Company (Aetna), their uninsured motorist insurer, as a defendant and alleging that the insurance issued to the Yassos by Prudential was insufficient to cover plaintiffs’ damages. The plaintiffs subsequently entered into a settlement agreement with the Yassos and Prudential, and on October 12, 1981, a motion and order of dismissal was signed by the trial judge dismissing the Yassos and Prudential from the case. On October 14, 1981, Aetna filed an answer to plaintiffs’ original and supplemental petitions and a third party demand against the Yassos seeking indemnification should Aetna be cast in judgment in the original suit. On December 10, 1981, the Yassos filed an exception of no cause of action to Aetna’s third party demand.
The trial court rendered judgment in favor of the Yassos and against Aetna maintaining the exception of no cause of action. Aetna appeals. We affirm.
The only issue on appeal is whether Aet-na has a cause of action for reimbursement on its third party demand against the tort-feasors (the Yassos) when the tortfeasors (the Yassos) have previously been released by the injured plaintiffs (the Browns). This issue was addressed by this court and the Supreme Court in Pace v. Cage, 394 So.2d 1274 (La.App.1981); 419 So.2d 443 (La.1982).
In Pace, the plaintiff sued the tortfeasor (Cage), Prudential Property and Casualty Insurance Company (Cage’s insurer), and State Farm Mutual Automobile Insurance Company and Hartford Accident and Indemnity Company (uninsured and underin-sured motorist insurers of Pace). Hartford filed a third party petition against Cage to assert and protect its potential right of recovery against her. After Cage answered Hartford’s third party petition, Cage and Prudential entered into a compromise settlement with Pace. Pace subsequently executed a complete release in favor of Prudential and Cage. Hartford made a payment to Pace under its uninsured motorist policy, but refused to dismiss its third party demand against Cage. The trial judge overruled Cage’s exception of no cause and no right of action and Cage applied for writs to this court. This court reversed and held that the trial court erred in not sustaining the exception of no cause of action filed by Cage to the third party demand of Hartford. The Louisiana Supreme Court has recently affirmed this decision, 419 *1159 So.2d 443 (La.1982), though disapproving some of the language as being in conflict with Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981), (on rehearing).
In Pace v. Cage, supra, the Supreme Court stated,
“... The court of appeal’s conclusion that an uninsured motorist insurer which makes payment to its insured cannot become conventionally subrogated to its insured’s cause of action against the tort-feasor is disapproved expressly as being in conflict with this court’s decision in Bond v. Commercial Assurance Co., 407 So.2d 401 (La.1981) (On Rehearing). The court of appeal’s decision, which in effect, sustained the third-party defendant’s exception of no cause of action was, nevertheless, correct in this case. The parties stipulated that, before the uninsured motorist insurer made any payment to the insured the insured had completely discharged the tortfeasor from any obligation to the insured in return for a cash payment of $5,000. Consequently, at the time the uninsured motorist carrier made payment to the insured the insured had no rights against his former debtor to subrogate to the insurer. See La.C.C. arts. 2159 et seq.; 2 M. Planiol, Civil Law Treatise, pt. 1, no. 480 at 274 (11th ed. La.St.L.Inst. trans. 1959).”
In the instant case, Aetna has not made any payment to plaintiffs and plaintiffs have discharged their former debtors (the tortfeasors). Plaintiffs no longer have any rights against the Yassos, and no rights exist to which Aetna could be subrogated if and when Aetna should make payment to plaintiffs.
For the above reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.