419 So.2d 443 (1982)
Walter A. PACE, Jr.
v.
Sharon Porter CAGE, et al.
No. 81-C-0547.
Supreme Court of Louisiana.
September 7, 1982.
Edward W. Gray, Baton Rouge, for applicant.
*444 Dan B. Cornett, Taylor & Cornett, Ltd., Horace C. Lane, Lane & Clesi, Kenneth E. Barnette, Seale, Smith & Phelps, Baton Rouge, for respondent.
DENNIS, Justice.
We granted writs in this case to resolve a conflict between the court of appeal opinion herein and a recent decision of this court. After reviewing the record and considering arguments of counsel we conclude that the result reached by the court of appeal was correct, although it was based on incorrect legal precepts. The court of appeal's conclusion that an uninsured motorist insurer which makes payment to its insured cannot become conventionally subrogated to its insured's cause of action against the tortfeasor is disapproved expressly as being in conflict with this court's decision in Bond v. Commercial Assurance Co., 407 So.2d 401 (La.1981) (On Rehearing). The court of appeal's decision, which in effect, sustained the third-party defendant's exception of no cause of action was, nevertheless, correct in this case. The parties stipulated that, before the uninsured motorist insurer made any payment to the insured the insured had completely discharged the tortfeasor from any obligation to the insured in return for a cash payment of $5,000. Consequently, at the time the uninsured motorist carrier made payment to the insured the insured had no rights against his former debtor to subrogate to the insurer. See La.C.C. arts. 2159 et seq.; 2 M. Planiol, Civil Law Treatise, pt. 1, no. 480 at 274 (11th ed. La.St.L.Inst. trans. 1959).
For the reasons assigned, the judgment of the court of appeal sustaining the exception of no cause of action is affirmed.
AFFIRMED.
BLANCHE, J., dissents and hands down reasons.
BLANCHE, Justice (dissenting).
The majority opinion fails to address the primary issue of this case.
La.R.S. 22:1406(D)(4), as interpreted by the trial judge, entitles an uninsured motorist insurer an independent right to recover against a tortfeasor. The appellate court held that an uninsured motorist insurer had no such independent right of recovery. Subrogation is not an issue.
Bond v. Commercial Union Assurance Co. 407 So.2d 401 (La., 1981) did not answer the question which is advanced by the appellant in the present case. As stated in Bond, "The major question of law in this case is whether an insurer that makes payment to its insured under uninsured motorist coverage may enforce a conventional subrogation agreement contained in its policy."
Bond, supra, held that an uninsured motorist insurer could recover from a tortfeasor due to a subrogation provision which was included in the insurer's policy. The discussion of whether La.R.S. 22:1406(D)(4) allows an uninsured motorist insurer an independent right to recover against a tortfeasor was pretermitted as a result of the resolution of the case on grounds of conventional subrogation.
This writer believes that La.R.S. 22:1406(D)(4) grants an independent right of recovery to the uninsured motorist insurer against the tortfeasor. No inequities would result by this construction.
The tortfeasor is the only party found to be at fault. He should be liable to the full extent of the damages incurred by the plaintiff. By settling this suit for an amount equal to the limits of his own insurance policy but less than the full amount of the damages sustained by the plaintiff, the tortfeasor has released himself from further liability. The tortfeasor, in effect, profits by the fact that he is underinsured and the plaintiff has uninsured motorist insurance.
To prevent this inequity, the legislature enacted La.R.S. 22:1406(D)(4) to allow the uninsured motorist insurer to recover from the tortfeasor any amount for which the former is answerable. This statute correctly places the full burden on the shoulders of the tortfeasor.