465 So.2d 102 (1985)
Kathleen R. JILEK
v.
Mrs. Gus Covert, wife of/and Gus COVERT, Colonial Penn Insurance Company, Maryland Casualty Insurance Company, and Liberty Mutual Insurance Company.
No. CA 2359.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
Rehearing Denied March 27, 1985.
*103 Michael W. Fontenot, Lafayette, for plaintiff-appellant.
Victor A. Dubuclet, III, Borello & Huber, Metairie, for defendant third-party plaintiff-appellant, Liberty Mut. Ins. Co.
Shelley R. Hammond-Provosty, Montgomery, Barnett, Brown & Read, New Orleans, for defendants third-party defendants-appellees, Mr. and Mrs. Gus Covert and Colonial Penn Ins. Co.
Before REDMANN, C.J., and BARRY and KLEES, JJ.
REDMANN, Chief Judge.
An insurer appeals from a judgment in favor of its insured for its policy's $10,000 limit for personal injury by uninsured motorist (atop $105,000 other coverage) plus its $5,000 medical payments limit (atop $2,000 other coverage), with 12% penalty and $1,000 attorney's fees for failure to pay medical expenses. The insurer also appeals the judgment's rejection on the ground of his previous release by the insured, of its third-party demand against the tortfeasor.
We affirm.

I.
The insured moved for a "cross-appeal" long after the time for appealing. We would consider the insured's attempted appeal as an answer to her UM insurer's appeal, but it does not, as required by La.C.C.P. 2133, "stat[e] the relief demanded," and an answer is only "equivalent to an appeal on [answerer's] part from any portion of the judgment ... of which he complains in his answer." We therefore do not consider the insured's arguments for increased recoveries from her UM insurer.

II.
We reject the UM carrier's argument against the dismissal of its third-party demand against the previously-released tortfeasor.
A paying UM carrier is subrogated to the tortfeasor's claim by the subrogation clause of the policy. Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981); see also Pace v. Cage, 419 So.2d 443 (La. 1982) ("disapprov[ing] expressly" the court of appeal's contrary conclusion). The UM carrier argues especially that it is legally subrogated to the victim's claim because of C.C. 2161(3), noting that UM carrier and tortfeasor are held liable in solido to the victim, Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982); see also Fertitta v. Allstate Ins. Co., 469 So.2d 159 (La.1985). Subrogation is subrogation, however: whether conventional or legal, it does no more than place the person subrogated into the position of the original creditor.
Unlike the surety, who has an additional right of reimbursement from the principal debtor independent of subrogation to the creditor's claim (and who might therefore still have an action against the debtor despite the creditor's release of the debtor, see Louisiana Bank and Tr. Co. v. Boutte, 309 So.2d 274, 278, n. 7 (La.1975)), *104 the paying UM carrier has nothing more than subrogation to the tort victim's claim. Where, as here, the tort victim has already released the tortfeasor, the UM carrier's subrogation upon payment will not enable it to recover the tort victim's claim against the tortfeasor because that claim has been released. Niemann v. Travelers Ins. Co., 368 So.2d 1003 (La.1979); Pace v. Cage, above.

III.
There is ample evidence from her physicians that plaintiff suffered significant pain (continuing to trial time) from the automobile accident. Plaintiff also suffered a loss of wages. We cannot say that the trial court's evaluation of plaintiff's damages as at least $115,000 in addition to medical of $7,000 constitutes a clear exceeding of the "much discretion" given by C.C. 1934(3).

IV.
The insurer complains of the award of the 12% statutory penalties plus $1,000 attorney's fee in respect on account of its failure to pay the $391 of medical expenses that plaintiff had submitted. The insurer's position was that those expenses were not covered by the policy because plaintiff had not "incurred" them within a year of the accident. That position was rejected over ten years ago by Valladares v. Monarch Ins. Co., 282 So.2d 569 (La.App. 4 Cir.1973), cert. denied 284 So.2d 603, 604. It is arbitrary for an insurer to deny medical payment coverage benefits on that ground.
Affirmed.