CHEHARDY, Chief Judge.
This is an appeal from a judgment dismissing an uninsured motorist carrier’s action against a tort-feasor for reimbursement subsequent to the release of the tort-feasor by the insured. We reverse and remand.
While driving on Interstate 10 in Orleans Parish, plaintiff, Isidro Frederick Bosch, came upon three vehicles stopped in the middle lane. Bosch stopped his automobile behind the third vehicle and was subsequently struck from behind by a vehicle driven by Anna Cummings. As a result, Bosch’s vehicle was pushed forward into the vehicle immediately before him, which vehicle was pushed into an automobile driven by Connie Scott.
Bosch instituted a tort action for damages against Anna Cummings and her insurer, State Farm Mutual Automobile Insurance Company; Connie Scott and her insurer, United States Fidelity and Guaranty Company (USF & G); and his uninsured motorist insurance carrier, Sentry Indemnity Company. Sentry filed a cross claim against Anna Cummings and Connie Scott for full indemnification of any sum required of Sentry in its capacity as Bosch’s uninsured motorist carrier. Connie Scott and USF & G filed cross claims for reimbursement of any amounts required of it against Anna Cummings, State Farm, Bosch, Sentry and others. Subsequently Bosch settled with Anna Cummings and State Farm and released both from further liability. Bosch also settled with Connie Scott and her insurer and each was dismissed from the lawsuit.
Anna Cummings filed exceptions of no cause or right of action to the cross claims of Connie Scott, USF & G and Sentry. *32 These were granted by the trial court. Sentry appeals this judgment.
The issue presented on appeal is whether the release of the tort-feasor by the victim precludes recovery in a pre-existing action for reimbursement by the victim’s uninsured motorist carrier against the tort-fea-sor.
The relevant statutory provisions are contained in LSA-R.S. 22:1406(D)(4) as follows:
“(4) In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.”
Cummings alleges that the uninsured motorist carrier has no right to reimbursement of funds paid to the victim subsequent to the victim’s release of the tort-fea-sor and her insurer. She relies on an interpretation of the above statutory provision which limits the insurer’s rights to those obtained through the victim and cites Pace v. Cage, 419 So.2d 443 (La.1982), for the proposition that where the victim first releases the tort-feasor, he has no remaining cause or right of action that he may subro-gate to his uninsured motorist carrier. Cummings alleges that the holding of Pace is dispositive of the issue before us today. A careful reading of that case, however, reveals that the Louisiana Supreme Court addressed only the question of rights available to the uninsured motorist carrier pursuant to a conventional subrogation theory. The Court did not address the issue of legal subrogation or other independent rights of which the uninsured motorist carrier might avail itself. That is the issue before us today.
Sentry asserts it has an independent legal right it believes is granted by LSA-R.S. 22:1406(D)(4). It is our opinion that such a right exists and that Sentry s reliance on Moncrief v. Panepinto, 489 So.2d 938 (La.App. 5th Cir.1986), is well placed.
In Moncrief the victim settled with and released the tort-feasor prior to accepting funds from his uninsured motorist carrier who subsequently sued the tort-feasor for reimbursement. This court in maintaining the uninsured motorist carrier’s action, held, at pp. 941, 942:
“[T]he release of the tortfeasor by the injured victim served only to release the preferential claim of the injured victim against the tortfeasor and her insurer and had no effect on the rights of [the uninsured motorist carrier] to seek recovery from the tortfeasor for payments made to the injured victim on its behalf. “[S]ubrogation took place by operation of law in favor of [the uninsured motorist carrier] and against the tortfeasor immediately upon making its payment to the [victim] because it was mandatorily required to provide the uninsured and underinsured coverage under the provisions of LSA-R.S. 22-1406(D)(l)(a), hence, [the uninsured motorist carrier] has a legal subrogation against the tort-feasor * * * [W]e interpret the right of reimbursement granted by the insurance code [LSA-R.S. 1406(D)(4) ] to be a direct right independent of the victim’s right and, therefore, not affected by a release of the tortfeasor by the victim * * * ”
We, therefore, conclude that the release of the tortfeasor by the victim does not preclude the uninsured motorist carrier’s right to seek recovery from the tortfeasor pursuant to LSA-R.S. 22:1406(D)(4).
Accordingly, the judgment of the trial court is reversed and the case is remanded for a trial on the merits. All costs are assessed to the appellee, Anna Cummings.
REVERSED AND REMANDED.