520 So.2d 721 (1988)
Isidro Frederick BOSCH a/k/a Frederick Bosch
v.
Anna Bigner CUMMINGS, State Farm Mutual Automobile Insurance Company.
Connie L. Scott, and United States Fidelity and Guaranty Company. Sentry Indemnity Company.
No. 87-C-2020.
Supreme Court of Louisiana.
February 29, 1988.
*722 C. Gordon Johnson, Jr., Cynthia A. Bacher, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for applicant.
Charles A. Verderame, Giraud, Cusimano & Verderame, Melanee A. Gaudin, Deutsch, Kerrigan & Stiles, New Orleans, William D. O'Regan, III, La Place, Stephen N. Elliott, Alison E. Roberts, Bernard, Cassisa, Saporito & Elliott, Metairie, for respondents.
DENNIS, Justice.
In this case we are once again called upon to decide whether an uninsured motorist insurance carrier may assert any right of action against an insured's tortfeasor other than the right the carrier may acquire by subrogation from the insured. The court of appeal decided that the carrier ipso facto has a right of action against the tortfeasor independent of any right the carrier could have acquired by subrogation from its insured. Bosch v. Cummings, 510 So.2d 31 (La.App. 5th Cir.1987). We reverse. The court of appeal decision conflicts with the decisions of this court in Pace v. Cage, 419 So.2d 443 (La.1982), Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981), and Niemann v. Travelers Insurance Co., 368 So.2d 1003 (La.1979). An uninsured motorist insurance carrier does not acquire any right against a tortfeasor merely because the latter has committed an offense or quasi-offense against the carrier's insured. The uninsured motorist insurance statute does not grant or permit the UM carrier to have an independent right of action against the tortfeasor. When the carrier makes payment under its policy to its insured the carrier becomes subrogated, in the measure of what it has paid, to the insured's right of action against the tortfeasor. Accordingly, if the insured has already discharged the tortfeasor from his obligation by entering a compromise with him, the carrier cannot acquire the insured's right against the tortfeasor because it no longer exists.

Facts
Plaintiff, Isidro Frederick Bosch, was involved in a chain collision accident in which the automobile he was driving was struck from the rear by an automobile being driven by the defendant, Anna Bigner Cummings. Mr. Bosch filed suit against Cummings, her liability insurer, State Farm, and his own UM insurer, Sentry Indemnity. Sentry Indemnity filed a cross-claim against Ms. Cummings for reimbursement of any sums disbursed by Sentry to Mr. Bosch pursuant to the UM policy. Before *723 any payment was made by Sentry to Mr. Bosch, plaintiff entered a compromise releasing Ms. Cummings and her insurer from all liability arising out of the accident. Ms. Cummings subsequently filed a motion to dismiss Sentry Indemnity's incidental demand against her, which was granted by the trial court. Sentry Indemnity perfected an appeal. The court of appeal reversed. 510 So.2d 31 (La.App. 5th Cir. 1987). The Fifth Circuit, relying on its decision in Moncrief v. Panepinto, 489 So. 2d 938 (La.App. 5th Cir.1986), stated that La.R.S. 22:1406(D)(4) granted to UM insurers a right of subrogation "by operation of law" which constituted "a direct right independent of the victim's right" unaffected by a release of the tortfeasor by the victim. We granted certiorari to resolve the conflict of the court of appeal's decision with this court's previous decisions. For the reasons assigned below, we reverse the judgment of the court of appeal.

Legal Precepts
The object of the uninsured motorist statute is to promote full recovery for damages by innocent automobile accident victims by making uninsured motorist coverage available for their benefit as primary protection when the tortfeasor is without insurance and as additional or excess coverage when he is inadequately insured. La. R.S. 22:1406(D)(2)(b); Hoefly v. GEICO, 418 So.2d 575 (La.1982); Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981); see Niemann v. Travelers Insurance Co., 368 So.2d 1003 (La.1979). When the language of a statute is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La.C. C. art. 10 (West 1987). Accordingly, this court has declined to interpret the inexplicit language of the statute so as to grant the insurer an independent right of action against an underinsured motorist or his liability insurer, Hebert v. Green, 311 So.2d 223, 228 (La.1975), or permit the uninsured motorist carrier to enforce a clause excluding uninsured motorist coverage in the event of its insured's failure to obtain its consent before entering a reasonable settlement with an underinsured tortfeasor and his insurer, Neimann v. Travelers Ins. Co., supra, at 1008 (La.1979), or give the uninsured motorist carrier any greater subrogation rights than those afforded by the general civil code provisions governing subrogation. Bond v. Commercial Union Assur. Co., supra, at 411. A different interpretation of the statute would permit the carrier to limit, frustrate or interfere with the insured's right to pursue the fullest possible recovery and defeat the very goal which the Legislature sought to achieve, namely, full reparation for all damages suffered by innocent, insured motorists. Bond, supra, at 411.
However, when the uninsured motorist insurer makes payment under its policy to its insured the carrier may become subrogated, under the general civil code articles on subrogation, in the measure of what it has paid, to the insured's right against the tortfeasor and his insurer, because this construction of the statute best conforms to the purpose of the law. Bond, supra, at 409-411. Under these precepts, the uninsured motorist carrier who pays all of its insured's damages is completely subrogated to his claim against the uninsured or underinsured tortfeasor, but when he pays for only part of the damages sustained, the insurer receives a partial, subordinate subrogation.[*]Bond, supra, at 411; *724 So. Farm Bureau Cas. Ins. Co. v. Sonnier, 406 So.2d 178, 180 (La.1981). Because subrogation is a means of transferring an obligation under which one person is substituted to the rights of another, the uninsured motorist carrier by subrogation may acquire only whatever rights its insured has against the underinsured motorist or his insurer. C.C. arts. 1825-1827 (1984); Pace v. Cage, supra, at 444; Bond, supra, at 408; 2 M. Planiol, Civil Law Treatise Pt. 1 no. 482, 505; also nos. 480(2), 506 (11th ed. La.St.L.Inst. trans. 1959); 4 C. Aubry & C. Rau, Droit Civil Francais § 321 (6th ed. Bartin) in A. Yiannopoulos, 1 Civil Law Translations 187-188 (1965).

Precepts Applied
Applying the foregoing precepts, we conclude that the uninsured motorist insurance carrier in this case acquired no right of action against the underinsured motorist tortfeasor or her liability insurer. First, the uninsured motorist insurance statute does not permit the carrier to acquire or have any right against the tortfeasor except the right the carrier may obtain from its insured upon payment under the UM policy. Second, when the carrier in this case paid its insured the insured had already discharged the tortfeasor and her insurer by entering a transaction or compromise. Consequently, the carrier did not obtain any right against the third parties. As noted by Planiol, derivation is the essence of subrogation: "Once payment is effected it is impossible for the creditor to transmit to the third party an action he no longer has, which has definitely been extinguished by the receipt of payment." 2 M. Planiol, Civil Law Treatise pt. 1 no. 480; also nos. 477, 478 (11th ed. La.St.L.Inst. trans. 1959); 4 C. Aubry & C. Rau, Droit Civil Francais § 321 (6th ed. Bartin) in A. Yiannopoulos, 1 Civil Law Translations 187-188, 190 (1965).

Conclusion
The judgment of the court of appeal is reversed and the judgment of the trial court is reinstated. Moncrief v. Panepinto, 489 So.2d 938 (La.App. 5th Cir.1986), which is also contrary to our holding, is overruled. All costs of court are assessed to respondents.
REVERSED; TRIAL COURT JUDGMENT REINSTATED.
NOTES
[*] This rule has been adopted as a general principle of subrogation by the 1984 revision of the civil code articles on obligations. Civil Code art. 1826 (1984). Whether there may be exceptions to this principle in cases other than uninsured motorist cases, we set to one side without deciding. Compare the provisions of article 1826 with Civil Code art. 1827 (1984); compare C.C. art. 1826, comment (e), C.C. art. 1827, comment (e), and Expose des Motifs, La.Stat.Ann.C.C. Obligations 1987 Sp.Pamph., p. 17 lines 47-49, with C.C. art. 1826, comment (d), and Expose des Motifs, supra, p. 17 line 53p. 18 lines 1-4. Despite the inconsistency in the commentary, the legislator may have intended the clear principle of partial subrogation stated by art. 1826 to be the general rule in all cases. We need not resolve the issue in this case, however, because we are satisfied that there was no legislative intent to permit a carrier to interfere with an uninsured motorist victim's pursuit of full recovery by acquiring all of the victim's rights for only a partial payment of his damages. See Bond, supra, at p. 411. If an exception to article 1826 is permitted, it does not apply in uninsured motorist insurance cases. La.R.S. 22:1406(D)(4). Bond, supra, at 411.