GUIDRY, Judge.
Defendant-Third Party Plaintiff, Gulf Insurance Company (hereafter Gulf), appeals a judgment dismissing its third party demand against Mildred T. Kipker. We amend the judgment to dismiss Gulf’s third party demand against Kipker with prejudice and affirm as amended.
In the early morning hours of March 17, 1985, plaintiff, Jacqueline D. Henry, was struck by a vehicle owned by Eric S. Kipker and driven by Mildred T. Kipker as she attempted to cross La. Hwy. 3054. On June 14, 1985, Ms. Henry filed suit against Mildred and Eric Kipker, their insurer, State Farm Mutual Insurance Company (hereafter State Farm), and her UMI carrier, Gulf, seeking damages for injuries she sustained in the accident.
Following tender of the Kipkers’ policy limits of $10,000.00, Ms. Henry released Eric S. Kipker, Mildred T. Kipker and State Farm, reserving her rights to proceed against Gulf. A judgment dismissing, with prejudice, plaintiff’s demands against the released parties was signed on August 7, 1985.
On September 10, 1985, Gulf answered the plaintiff’s petition and sought by recon-ventional demand an assignment of plaintiff’s rights against any other defendant in the proceeding to the extent of payments made by Gulf under the UMI and medical payments coverage of its policy. Gulf also filed a third party demand against Trooper Wilbert Sanders, Jr. and the State of Louisiana through the Department of Public Safety, Office of State Police. On November 13, 1985, the plaintiff amended her *561 petition adding Trooper Sanders and the State through the Department of Public Safety as additional parties defendant, and answered the reconventional demand of Gulf.
On December 29, 1986, Gulf filed an additional third party demand naming Mildred T. Kipker as a third party defendant seeking judgment against her for all sums for which Gulf may be cast in judgment to plaintiff and for any payments which Gulf may have made or will make under the UMI and medical payments coverage of its policy. Ms. Kipker filed exceptions of insufficiency of service of process, prematurity, and no cause/no right of action to Gulfs demand. The objection of insufficiency of service of process was cured shortly after the exceptions were filed. The remaining exceptions were argued, submitted and taken under advisement. The trial court sustained the exceptions and rendered judgment dismissing Gulfs third party demand against Ms. Kipker. Gulf appeals from that judgment.
We are called upon to decide but one issue on this appeal: Does a UMI carrier have a direct and independent right of recovery against the tortfeasor such that the UMI carrier’s right to indemnification for payments made under its UM coverage is not barred by a prior settlement and release of the tortfeasor by the insured victim.
Appellant, Gulf Insurance Company, argues that, under the holding of Moncrief v. Panepinto, 489 So.2d 938 (La.App. 5th Cir.1986), it has an independent cause of action against Ms. Kipker. We acknowledge that in Moncrief, supra, a panel of the Louisiana Fifth Circuit Court of Appeal so held stating:
“As we interpret the rights granted by LSA-R.S. 22:1406(D)(4) St. Paul has a direct right of recovery against the tort-feasor independent of the rights of the injured victim against the tortfeasor. See footnote 7 at page 164, Fertitta v. Allstate, 462 So.2d 159 (La.1985) and Judge Blanche’s dissenting opinion at page 444 in Pace v. Cage, ...” [419 So.2d 443 (La.1982) ].
In the very recent case of Isidro Frederick Bosch a/k/a Frederick Bosch v. Anna Bigner Cummings, State Farm Mutual Automobile Insurance Company, Connie L. Scott, and United States Fidelity and Guaranty Company, Sentry Indemnity Company, 520 So.2d 721 (La.1988), our Supreme Court specifically overruled the holding in Moncriefv. Panepinto, supra, stating as follows:
An uninsured motorist insurance carrier does not acquire any right against a tortfeasor merely because the latter has committed an offense or quasi-offense against the carrier’s insured. The uninsured motorist insurance statute does not grant or permit the UM carrier to have an independent right of action against the tortfeasor. When the carrier makes payment under its policy to its insured the carrier becomes subrogated, in the measure of what it has paid, to the insured’s right of action against the tort-feasor. Accordingly, if the insured has already discharged the tortfeasor from his obligation by entering a compromise with him, the carrier cannot acquire the insured's right against the tortfeasor because it no longer exists.”
In the case sub judice, Ms. Henry, Gulf’s insured, having settled and completely released the tortfeasor, Ms. Kipker, there were no rights against Kipker to which Gulf could be subrogated. Bosch v. Cummings, et al., supra. Accordingly, we affirm the district court insofar as it sustained Ms. Kipker’s exception of no cause of action. Inasmuch as our ruling on this issue is dispositive of third party plaintiff’s, Gulf, demands, we find the issues presented by the other exceptions moot. We do, however, amend the judgment of the trial court to dismiss with prejudice the third party demand of Gulf Insurance Company against Mildred T. Kipker. All costs of this appeal are to be borne by appellant.
AFFIRMED AS AMENDED.