KLIEBERT, Judge.
When this case was previously before us we decided the underinsured motorist carrier, St. Paul Fire and Marine Insurance Company, appellant, had a right of action against the tortfeasor independent of any right the carrier acquired by subrogation from its insured. Accordingly, we affirmed the trial court’s ruling denying the tortfeasor’s exception of no cause of action based on a release of the tortfeasor by St. Paul’s insured. See Moncrief v. Panepinto, 489 So.2d 938 (5th Cir.1986). No writs were taken from this decision. Almost two years later, in Bosch v. Cummings, 520 So.2d 721 (La.1988) the supreme court found our decision in Moncrief was contrary to its prior holdings and hence specifically overruled the decision.
At the time of the supreme court’s ruling in the Bosch case, the Moncrief case was pending in the trial court awaiting a hearing on the merits. The tortfeasors (Pane-pintos) again filed an exception of no cause of action based on a release of the tort-feasors by St. Paul’s injured insured. The trial judge upheld the exception and dismissed St. Paul’s third party claim. On appeal St. Paul argues the trial judge was in error because the original judgment was final, definitive, and res judicata. We affirm the judgment of the trial court.
The doctrine of res judicata is strici juris, and any doubt as to its application must be resolved in favor of maintaining the action. McNeal v. State Farm, 278 So.2d 108 (La.1973); Mai v. Mai, 419 So.2d 1251 (3rd Cir.1981) writ denied 420 So.2d 970 (La.1982). In Ryan v. Grandison Trust, 504 So.2d 844, 848-49 (La.1987) the court stated:
The essential elements of res judi-cata in our civilian system are stated in R.S. 13:4231 (redesignated as R.S. 13:4231 from former Civil Code article 2286 by Acts 1984, No. 331, § 7, eff. January 1, 1985):
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and thus should not be contradicted in a subsequent suit. Dixon, Booksh and Zimmering, “Res Judicata in Louisiana since Hope v. Madison,” 51 Tul.L.Rev. 611, 617 (1977).
The present situation is not one in which res judicata principles apply, for there is no “subsequent suit.” Rather, the first judgment appealed was interlocutory in nature, holding only that St. Paul had a right to proceed to a merits judgment on its third party demand. Before St. Paul could obtain a judgment on the merits, Bosch was handed down. The second judgment was in effect a reconsideration, in the same case, of the first judgment. The applicable principles for reconsideration of prior interlocutory rulings in the same case are “the law of the case.”
In Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 256 So.2d 105, 107 (La.1971) the court stated:
With regard to an appellate court, the “law of the case” refers to a policy by which the court will not, on a subsequent appeal, reconsider prior rulings in the same case.[1] This policy applies only against those who were parties to the *1306 case when the former appellate decision was rendered and who thus had their day in court.2 Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of the matter at issue.
Nevertheless, the law-of-the-case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice.3 Further, the law-of-the-case principle is not applied so as to prevent a higher court from examining the correctness of the ruling of the previous court.
See also Landry v. Aetna Ins. Co., 442 So.2d 440 (La.1983).
Our first opinion in this case (and the trial court’s initial judgment) were specifically reversed because the supreme court found it conflicted with prior supreme court decisions. Thus, it is apparent the superior court considered our initial decision to be “palpable error.” Although we may not agree, we are bound by the decisions of the supreme court. Therefore, we cannot say the trial court erred in maintaining the exception of no cause of action.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.

. The "law of the case” principle also relates to the binding force of the trial court rulings during later stages of the trial and to the conclusive effect of appellate rulings at the trial on remand.