YELVERTON, Judge.
Dave N. Fontenot brought suit against Tony C. Vidrine, Vidrine’s liability insurer, Mid-American Casualty Company (Mid-American), and his own uninsured motorist carrier, State Farm Mutual Insurance Company (State Farm), for damages due to personal injuries sustained in a single vehicle accident. Fontenot’s health insurer, Blue Cross & Blue Shield of Alabama (Blue *41 Cross), intervened to recover $17,390.93 in medical expenses paid by it. Before trial State Farm settled with Fontenot for its policy limits of $10,000 and was dismissed. Mid-American invoked a concursus proceeding and deposited its $10,000 policy limits into the registry of the court, and that money was paid to Fontenot with court approval before trial.
After trial, the judge ruled that Vidrine was 60% at fault and Fontenot was 40% at fault. He then awarded plaintiff $50,000 to be reduced in accordance with his percentage of fault. The trial judge also awarded Blue Cross $17,390.93, which was a reimbursement of 100% of what it had paid, and “subordinated its rights of recovery to that of plaintiff”.
From this ruling Vidrine has appealed and Fontenot has answered the appeal. We amend the judgment to reduce Blue Cross’ intervention claim by 40% in accordance with the fault attributable to Fonte-not.
Vidrine was driving the accident car and in it were four guest passengers, one of whom was Fontenot. Vidrine was going east on Rixby Manuel Road in Evangeline Parish too fast, and he could not stop when he got to a “T” intersection. The car went through the intersection and hit the ditch embankment. Fontenot broke his neck.
The testimony revealed that all of the parties in the vehicle had been drinking. They met at the Last Chance bar, and went from there to the Black Jack bar, drinking all the while. It was after they left the Black Jack that the accident happened.
Vidrine raises two issues on appeal. First, he contends that the trial judge erred by failing to reduce the recovery of Blue Cross by plaintiffs percentage of fault. He argues that Blue Cross as a subrogee is entitled to no greater right than plaintiff as a subrogor.
Blue Cross contends that its rights as subrogee do not require its award to be reduced. It argues that the fault assessed to plaintiff, the insured, is completely independent of its claims for reimbursement under contract.
Because subrogation is a means of transferring an obligation under which one person is substituted to the rights of another, the insurer by subrogation may acquire only whatever rights its insured has against the tortfeasor or his insurer. Bosch v. Cummings, 520 So.2d 721 (La.1988). In Pope v. City of Baton Rouge, 449 So.2d 1070 (La.App. 1st Cir.1984), a pre-comparative fault case, the plaintiff was found to be contributorily negligent and was denied recovery. Likewise, the plaintiffs insurer, which had paid medical expenses incurred by her for the injuries she sustained in the accident, was denied recovery since the insurer/subrogor “stands in the same shoes” of its insured. In Adamson v. City of Lafayette, 521 So.2d 1258 (La.App. 3d Cir.1988), writ denied, 526 So.2d 798 (La.1988), a comparative fault case, the insurer’s recovery by right of subrogation against the tortfeasor was reduced in accordance with the fault attributable to the insured, where the insurer/subrogor made payments to the insured under its collision coverage.
Accordingly, we agree with Vidrine that the trial judge erred by failing to reduce the claim of Blue Cross in accordance with the fault attributable to its insured, Fontenot.
By his other assignment of error Vidrine contends that the trial judge erred by failing to credit him in the judgment with the total amount of $20,000 previously given to plaintiff by State Farm, the uninsured motorist insurer, and Mid-American, the liability insurer.
The judgment awarded Fontenot $30,000 against Vidrine. The trial judge in his reasons for judgment stated that
[Pjlaintiff is entitled to recover the amount of $50,000 from defendant Tony C. Vidrine. However, the court finds that plaintiff was contributorily negligent to the extent of 40%, and the defendant to the extent of 60%.
Vidrine moved for new trial, asserting that he was entitled to a credit for the $20,000 previously given to Fontenot by State Farm and Mid-American. The trial judge, *42 after considering arguments, denied the motion without giving reasons.
It is a question of the intent of the judgment. In construing a trial court judgment, the entire context of the proceedings must be considered and, in the event of any ambiguity, it is proper to consider the pleadings, subject matter of the suit, reasons for judgment and other matters of record in arriving at an interpretation consistent with the law and facts presented. Geo-Je’s Civic Ass’n, Inc. v. Reed, 525 So.2d 192 (La.App. 1st Cir.1988).
Considering the trial judge’s reasons for judgment and his denial of Vid-rine’s motion for a new trial, we find that the trial judge took into account and previously credited Vidrine with the amounts earlier paid to Fontenot. In the reasons for judgment as quoted above, the trial judge, rather than finding the damages to be |50,000, found that plaintiff was entitled “to recover” $50,000, from Vidrine. Furthermore, his attention was specifically called to the issue of crediting the $20,000 in Vidrine’s motion for new trial, and he denied that motion. Therefore, the interpretation most consistent with the law and facts presented is that the trial court had already taken the $20,000 into account when he rendered judgment against Vid-rine.
Stated a different way, the trial judge must have considered that Fontenot’s total damages were $83,333.34. Reducing this award by 40%, the fault attributable to plaintiff, leaves $50,000 owed by the various defendants. Giving credit to Vidrine for the .$20,000 paid by the other defendants, left Vidrine owing $30,000.
In his answer to the appeal, Fontenot contends that the award was inadequate and asks this court to raise the award.
Fontenot was 19 years old at the time of the accident. He suffered a broken neck for which he underwent a posterior spinal fusion with interspinous wiring. He was discharged eight days after the surgery and the medical reports indicate that he has progressed very well. On a follow up six months after the accident the doctor's report indicates that Fontenot had a full range of motion and that x-rays showed an excellent fusion mass.
In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. La.C.C. art. 2324.1. Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstance, of the present case. Reck v. Stevens, 373 So.2d 498 (La.1979). In determining whether the trier of fact abused its discretion by making an inadequate award, the evidence must be viewed in the light most favorable to the defendant. Schexnayder v. Carpenter, 346 So.2d 196 (La.1977).
After reviewing the entirety of the record, in accordance with these standards, we conclude that the award for damages was not inadequate.
For the above and foregoing reasons the trial court’s judgment is amended to reduce Blue Cross’ intervention claim by 40% in accordance with Fontenot’s fault. It is affirmed in all other respects. Vidrine will pay costs.
AMENDED AND AFFIRMED.