STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-272


BRYAN BORDELON

VERSUS

ANTHONY STAFFORD, ET AL.


\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2004-6630-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*


CHRIS J. ROY, SR.[1]
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, J. David Painter, and Chris J. Roy, Sr., Judges.


**REVERSED.**


Stephen C. Aertker, Jr.
Huval, Veazey, Felder, Aertker & Renegar, L.L.C.
532 East Boston Street
Covington, LA 70433
(985) 809-3800
Counsel for Plaintiff/Appellant:
     Bryan Bordelon

Melvin A. Eiden
Rabalais, Hanna & Hebert
701 Robley Drive, #210
Lafayette, LA 70503

---

[1]Judge Chris J. Roy, Sr. appointed judge pro tempore of the Court of Appeal, Third Circuit.

**(337) 981-0309**
**Counsel for Defendant/Appellee:**
      **Family Counseling Agency, Inc.**

**ROY, Judge (pro tempore).**

The plaintiff, Bryan Bordelon, appeals the grant of summary judgment in favor of the defendant, Family Counseling Agency, Inc. For the following reasons, we reverse.

## PROCEDURAL AND FACTUAL BACKGROUND

Bordelon filed suit in July 2004, urging that Stafford obtained confidential information and photographs from Bordelon's ex-wife when she attended family counseling at the Turning Point Shelter, which is owned and operated by Family Counseling Agency, Inc. He further alleged that Stafford disseminated the private information and photographs to his detriment and to third parties who intended to adversely affect his employment with the Bunkie Police Department. Bordelon claimed that he suffered severe and debilitating physical and mental injuries due to invasion of privacy, defamation, and intentional infliction of emotional distress.

In August 2007, Family Counseling filed a Motion for Partial Summary Judgment urging that assuming Bordelon's claims against Stafford were true, there was no genuine issue that Stafford was not in the course and scope of his employment at the time of his alleged tortious acts. Following a hearing in September 2007, the trial court granted summary judgment in favor of Family Counseling finding that Stafford was not in the course and scope of his employment because "an employee such as Stafford who commits an act that is in direct contravention of his employer's directives, cannot be found to be acting the course and scope of his employment. . . Acting in indirect contravention of the employer's rules certainly cannot be serving any purpose of the employer."

2

Bordelon sought a supervisory writ from this court, which was denied as an adequate remedy existed by appeal. Bordelon now appeals.

## SUMMARY JUDGMENT

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins,* 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material facts exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.Proc. Art. 966(B)(C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.,* 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P.art. 966(A)(2).

## VICARIOUS LIABILITY

Louisiana Civil Code Article 2320 states in part that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." The law surrounding

3

vicarious liability is well settled as summarized in *Baumeister v. Plunkett*, 95-2270, pp. 3-4 (La. 5/21/96), 673 So.2d 994, 996:

> [I]n order for any employer to be vicariously liable for the tortious acts of its employee the "tortious conduct of the [employee must be] so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conducted instituted by purely personal considerations entirely extraneous to the employer's interest." *Barto v. Franchise Enterprises, Inc.*, 588 So.2d 1353, 1356 (La.App. 2 Cir. 1991), *writ denied*, 591 So.2d 708 (1992) (quoting *Lebrane v. Lewis*, 292 So.2d 216, 217, 218 (La.1974)).

> "An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours." *Scott v. Commercial Union Ins. Co.*, 415 So.2d 327, 329 (La.App. 2 Cir. 1982) (citing *Bradley v. Humble Oil & Refining Co.*, 163 So.2d 180 (La.App. 4th Cir. 1964)). "Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective." *Id.*

The following factors are to be considered in determining whether an employer is vicariously liable: whether the tortious act was primarily employment rooted, whether the tortious act was reasonably incidental to the performance of the employee's duties, whether the tortious act occurred on the employee's premises, and whether the tortious act occurred during the hours of employment. See *LeBrane v. Lewis,* 292 So.2d 216 (La.1974); *Chapman v. Safeway Ins. Co. of La.*, 06-529 (La.App. 3 Cir. 9/27/06), 940 So.2d 827.

We have stated that, "Under *LeBrane*, an employer is responsible for an employee's intentional tort when his conduct is so closely connected in time, place, and causation to his employment duties that it constitutes a risk of harm attributable to the employer's business." *Craft v. Wal-Mart Stores, Inc.,* 01-564 p. 5 (La.App. 3 Cir. 10/31/01), 799 So.2d 1211, 1215, *writ denied,* 02-132 (La.3/22/02), 811 So.2d 933 (*quoting Lyons v. Bechtel Corp.,* 00-364, p. 10 (La.App 3 Cir. 12/27/00), 788

So.2d 34, 42, *writ denied*, 01-282 (La.3/23/01), 787 So.2d 996.)

Family Counseling framed the issue as one revolving around whether Stafford's conduct was activated at least in part by a purpose to serve Family Counseling. We find it is impossible to make this determination based on the record before us. We note that the trial court stated in its judgment:

> Information supplied to the Court confirms that Stafford has apparently made no statement nor has he provided testimony via deposition. Therefore, whether or not Stafford did or did not and/or where or how Stafford did divulge confidential information and/or the purpose for the divulging of this information is not known.

Based on the above, we find it was error to grant summary judgment in that sufficient facts are not known regarding the nature and purpose of Stafford's disclosure. It is clear from the record that Stafford was fired due to this incident and that he had received confidentiality training and signed confidentiality agreements. We find that these facts are indicative that the risk of prohibited disclosure was foreseeable, yet, we disagree with Family Counseling's argument that a forbidden disclosure is automatically deemed to be not in the course and scope of employment. Without any other facts upon which to make a determination, we are unable to say whether Stafford was in the course and scope of his employment when he made the disclosure. Accordingly, we find the trial court erred in granting summary judgment in favor of Family Counseling as genuine issues of material fact exist regarding that issue.

## CONCLUSION

The judgment of the trial court granting summary judgment in favor of the defendant, appellee, Family Counseling Agency, Inc, is reversed. All costs of this appeal are assessed against Family Counseling.

**REVERSED**.

5