NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-198


SYBIL TODD HOWARD

VERSUS

CYNTHIA L. HOWARD


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-3077
HONORABLE CLAYTON A.L. DAVIS, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


Joseph Anthony Delafield
Attorney at Law
P. O. Box 4272
Lake Charles, LA 70606-4272
(337) 477-4655
Counsel for Plaintiff/Appellant:
Sybil Todd Howard

Thomas Patrick LeBlanc
Loftin, Cain, Gabb & LeBlanc
113 Dr. Michael DeBakey Dr.
Lake Charles, La 70601
(337) 310-4300
Counsel for Defendant/Appellee:
Cynthia L. Howard

**GREMILLION, Judge**.

The plaintiff, Sybil Todd Howard (Sybil), appeals the judgment of the trial court denying her motion for summary judgment, while granting summary judgement in favor of the defendant, Cynthia L. Howard (Cynthia). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Louis David Howard (Louis), Sybil's former husband and Cynthia's father[1], died June 25, 2006, leaving a statutory will. In June 2008, Sybil filed a petition for contempt and possession of movable assets, urging that despite an August 2007 judgment of possession, she had not been granted her usufruct of certain movables including several bank accounts, vehicles, a boat, and an assortment of guns. Cynthia answered and reconventionally demanded a judgment of the court declaring the rights and legal relations of herself and Sybil pursuant to the terms and provisions of Louis's will. Cynthia further requested an amount for ordinary repairs and expenses along with an inventory of various property. Sybil filed an exception of res judicata, urging that the August 2007 judgment was final. In October 2008, Sybil filed a motion for summary judgment. In January 2009, Cynthia filed a cross-motion for summary judgment on Sybil's rule for contempt and petition for possession. Following a hearing the trial court granted summary judgment in favor of Cynthia and denied Sybil's motion for summary judgment, but gave no written or oral reasons for judgment. Sybil now appeals.

---

[1]Cynthia is the child of Louis and his first wife whom he divorced in 1971. Sybil was Louis's second wife. They were married in July 1975 and divorced approximately five years later, some twenty years prior to his death. Louis had been married and divorced a third time before his death.

1

## ASSIGNMENTS OF ERROR

Sybil assigns as error:

1.  The trial court's admission of parole evidence to show the decedent's testamentary intent in contravention of the requirements of La.Code Civ.P. art. 967.

2.  The trial court's allowing a collateral attack upon the Judgment of Possession by granting the cross-motion for summary judgment in favor of Cynthia and dismissing Sybil's claims with prejudice.

3.  The trial court's denial of her motion for summary judgment effectively rewriting the Judgment of Possession and precluding her from enforcing her testamentary usufruct over the decedent's movable assets.

## ANALYSIS

We have previously articulated the standard of review of summary judgments:

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id*. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. Art. 966(B) and (C). This means that judgment should be rendered in favor of the movant if the pleadings, deposition, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id*. If the opposing party cannot produce any evidence to suggest that she will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La.1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id*. Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

*Bordelon v. Stafford*, 08-272, p. 2 (La.App. 3 Cir. 12/10/08), 1 So.3d 697, 699.

The Judgment of Possession, in paragraph XIV states:

That CYNTHIA LEIGH HOWARD, as universal/residual legatee

2

of decedent, be and is hereby recognized as owner and set into possession of all of the remainder of the decedent's estate of which he died possessed, both movable and immovable, subject to the usufruct in favor of SYBIL HOWARD including, but not limited to, the following:

I. **REAL ESTATE:**

**Situated in Calcasieu Parish, Louisiana:**
The following described property being situated in the City of Lake Charles, [address omitted], together with all improvements situated therein:

Lot 17 and the West 15 feet of Lot 16 of Block 2 of J.W. Rich Subdividion of Lots 10 and 11 of the Hutchins Subdivision, City of Lake Charles, as per palt recorded in Book "W: (burned). Page 173, records of Calcasieu Parish, Louisiana;

and

The West thirty (30) feet of Lot 15, and the East thrity-five (35) feet of Lot 16, Block 2 of the J.W. Rich Subdivision of Lots 10 and 11 of the Hutchins Subdivision, City of Lake Charles, as per plat recorded in Book "W" (burned), page 173, records of Calcasieu Parish, Louisiana.

II. **MOVABLES**

1. Cameron State Bank Acct. # [Acct. # omitted]

2. Chase Bank Acct. #[Acct. # omitted]

3. First Federal Bank Acct. #[Acct. # omitted]

4. Prudential (401K) Acct. #[Acct. # omitted]

5. First National Bank Omaha Acct. #[Acct. # omitted]

6. First Federal Bank of LA Acct. #[Acct. # omitted]

7. 1997 Ford F-150 [VIN # omitted]

8. 1972 JETT Alum. 20' Boat [ID # omitted] [Registration # omitted]

9. 2002 Mercury [VIN # omitted]

10. 1991 Bayliner 20' w/1996 175 HP Mercury

11. Silver Plated 38 Caliber Smith & Wesson [Serial # omitted]

12. Mossberg 12 Gauge Shotgun [Serial # omitted]

13. Remington Model 1100 [Serial # omitted]

14. Winchester Model 12-12 Gauge Shotgun [Serial # omitted]

15. Stevens Model 940E 20 Gauge Shotgun

16. Crossman 2100 Classic Air Rifle [Serial # omitted]

17. Daisy Air Rifle [Serial # omitted]

18. Winchester 12 Gauge Shotgun [Serial # omitted]

19. Remington Model 1100 12 Gauge Shotgun [Serial # omitted]

20. S & W 38 Special [Serial # omitted]

21. 38 Special S & W [Serial # omitted]

22. Glock .40 [Serial # omitted]

At the hearing on the cross-motions for summary judgment, the trial court stated, regarding the inconsistencies in the will versus the judgment of possession, "It's just a mistake. The Judgment of Possession didn't get it. It was – it was in error, because it does not reflect the language of the will." The trial court later stated, "it's obvious what the intent was in the will. There's no question about it." We find it unnecessary, however, to resort to the terms of the will, as the central issue is what the judgment of possession—which is final—provides.

Cynthia responds that Sybil's entire argument is premised upon the notion that hers is the only possible interpretation of the judgment of possession; the context of these proceedings is Sybil's petition for contempt for Cynthia's alleged violation of the judgment of possession, and that in that context it became necessary for the court to interpret the judgment of possession to determine whether Cynthia's failure to honor Sybil's asserted usufruct over the various movables constituted contempt of

4

court. The trial court's ruling reflected the proper interpretation of the judgment of possession, according to Cynthia's argument.

Sybil posits that Cynthia's reconventional demand represents a collateral attack on the judgment. This does presuppose only one reasonable interpretation of that judgment. We disagree.

The judgment of possession is divided into paragraphs numbered I through XIV. Each of these paragraphs sets forth specific legacies. Paragraph III contained the $15,000 bequest to Sybil. Paragraph IV contained the usufruct over the Cleveland Street property in Sybil's favor. The remaining paragraphs bequeath, in ascending order in terms of amounts, specific legacies to a number of individuals, culminating in paragraph XIV, containing the residual legacy to Cynthia, and containing—according to Sybil—the usufruct over the movables at issue in this case. We cannot isolate paragraph XIV, but must consider it in light of the judgment as a whole. *Palermo v. Port of New Orleans*, 04-1804, 04-1805 (La.App. 4 Cir. 1/19/07), 951 So.2d 425, *writ denied*, 07-363 (La. 6/13/07), 957 So.2d 1289.

Sybil was granted one specific usufruct over the house on Cleveland Street in paragraph IV. That property is also referred to in paragraph XIV in which Cynthia was recognized as residual legatee. If Louis had intended Sybil to have usufruct over the residuum of his estate, why would he specifically grant her usufruct over the Cleveland Street property? If the intent of the judgment was to grant Sybil a usufruct over the residuum of Louis' estate, paragraph IV is superfluous because under Sybil's interpretation of the judgment, that was accomplished in paragraph XIV.

The intent of the judgment is not ambiguous: Sybil was to receive a usufruct over the Cleveland Street property. Cynthia was to receive the residuum of Louis's

5

estate, and naked ownership of the Cleveland Street property subject to Sybil's usufruct. The trial court did not err.

We would note, parenthetically, that if there was ambiguity in the judgment of possession, our task would then require us to consider extraneous evidence in order to arrive at the intent. *Fontenot v. Mid-American Cas. Co.*, 562 So.2d 39 (La.App. 3 Cir. 1990). We would first consider what the will provided. Our interpretation of the judgment of possession unquestionably mirrors Louis' unequivocal intent to leave the residuum to Cynthia subject to Sybil's usufruct over the home. To Sybil, the will bequeathed:

> As a special bequest, I leave, devise and bequeath unto my former spouse and loyal friend, Sybil Howard, the sum of $15,000.00 and the usufruct over my home place and apartments located on the 600 block of Cleveland Street, Lake Charles, Louisiana, said usufruct to terminate at her death or remarriage.

To Cynthia:

> I leave, devise and bequeath unto my beloved daughter, Cynthia Leigh Howard, all of the remainder of my estate of which I die possessed, both movable and immovable, subject to the usufruct in favor of Sybil Howard and subject to the specific bequests granted hereinabove.

There is no reasonable interpretation of this document that would support Sybil's position. The affidavit of Mr. Terrell Fowler, an attorney, long time friend and legatee of Louis, simply states that Louis' intentions were to leave Sybil nothing more than the cash and the usufruct over the home. Given that the judgment of possession unambiguously expresses this, and the will unambiguously expresses this, Mr. Fowler's affidavit is surplus.

**CONCLUSION**

6

The interpretation of the judgment of possession is critical to deciding the motions for summary judgment filed by both parties. There is no need to resort to other evidence beyond that judgment because it is not ambiguous. The judgment unquestionably envisions Sybil receiving a usufruct over the Cleveland Street property only, with full ownership over all movables, not otherwise specifically bequeathed, devised to Cynthia. The trial court's judgment is affirmed. All costs of this appeal are taxed to Appellant, Sybil Howard.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules - Courts of Appeal, Rule 2-16.3.